FILED
At Albuquerque NM
JUN 3 0 2016
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>**INKOSI GRANDBERRY,**<br><br>    Defendant. | CRIMINAL NO. 16-2920 MCA<br><br>Count 1: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Distribution of Heroin;<br><br>Counts 2: 18 U.S.C. §§ 922(g)(1) and 924(a)(2): Felon in Possession of a Firearm and Ammunition;<br><br>Count 3: 18 U.S.C. § 924(c): Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime;<br><br>Count 4: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Distribution of Heroin;<br><br>Count 5: 18 U.S.C. §§ 922(g)(1) and 924(a)(2): Felon in Possession of Firearms;<br><br>Count 6: 18 U.S.C. §§ 922(g)(1) and 924(a)(2): Felon in Possession of a Firearm. |

INDICTMENT

The Grand Jury charges:

Count 1

On or about April 28, 2016, in Bernalillo County, in the District of New Mexico, the defendant, **INKOSI GRANDBERRY**, unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of heroin.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Count 2

On or about April 28, 2016, in Bernalillo County, in the District of New Mexico, the defendant, **INKOSI GRANDBERRY**, having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, possession of a controlled substance, knowingly possessed, in and affecting commerce, a firearm and ammunition:

(1) a Springfield Armory, model XD-9, 9mm caliber semiautomatic pistol, serial number GM995030, and

(2) two (2) Hornady brand 9mm caliber cartridges.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Count 3

On or about April 28, 2016, in Bernalillo County, in the District of New Mexico, the defendant, **INKOSI GRANDBERRY**, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, specifically, distribution of heroin as charged in Count 1 of this indictment, knowing used and carried a firearm, a Springfield Armory, model XD-9, 9mm caliber semiautomatic pistol, serial number 995030, and in furtherance of such crime, possessed said firearm.

In violation of 18 U.S.C. § 924(c).

Count 4

On or about April 29, 2016, in Bernalillo County, in the District of New Mexico, the defendant, , **INKOSI GRANDBERRY**, unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of heroin.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Count 5

On or about May 4, 2016, in Bernalillo County, in the District of New Mexico, the defendant, **INKOSI GRANDBERRY**, having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, possession of a controlled substance knowingly possessed, in and affecting commerce, firearms:

(1) a Bryco Arms, model Jennings Nine, 9mm caliber semiautomatic pistol, serial 1436908, and

(2) a RG Industries, model RG 23, .22 caliber revolver, serial number T622730.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1).

Count 6

On or about May 12, 2016, in Bernalillo County, in the District of New Mexico, the defendant, **INKOSI GRANDBERRY**, having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, possession of a controlled substance knowingly possessed, in and affecting commerce, a firearm, a SCCI Industries, model CPX-1, 9mm pistol, serial number 157982.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1).

FORFEITURE ALLEGATION

The charges in this indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to 21 U.S.C. § 853.

Upon conviction of any offense in violation of 21 U.S.C. § 841, the defendant, **INKOSI GRANDBERRY**, shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense

for which the defendant is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s) of conviction.

The property to be forfeited to the United States includes, but is not limited to, the following:

MONEY JUDGMENT

A sum of money of approximately $575.00 in U.S. currency equal to the amount of proceeds obtained as a result of the offenses in Counts 1, 3, and 4.

SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

*[signature]*
Assistant United States Attorney

06/29/16  1:14PM

4